IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| EDILZAR ESTUARDO ROMERO LOPEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:26-cv-00938 (AJT/WBP) |
| | ) | |
| TODD BLANCHE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Petitioner Edilzar Estuardo Romero Lopez's Motion to Enforce Court Order, [Doc. No. 8], (the "Motion") in which he challenges, in substance, the constitutional adequacy of the bond hearing he received pursuant to the Court's Order dated April 13, 2026, [Doc. No. 6]. Upon consideration of the Motion and Respondents' memorandum in opposition thereto [Doc. No. 13], the audio recording of Petitioner's bond hearing, and for the reasons stated herein, the Court concludes that the Petitioner did not receive a constitutionally compliant bond hearing. The Motion is **GRANTED** and the Respondents are ordered to release Petitioner from custody forthwith.

Petitioner is a native and citizen of Guatemala, who is alleged to have entered the United States without inspection in or around 2021. [Doc. No. 2] ¶¶ 13-14. On April 5, 2026, Petitioner was arrested by immigration officials and eventually taken to the Riverside Regional Jail, where he remained at the time of filing the Petition. *Id.* ¶ 16. Petitioner filed the operative Petition on April 7, 2026; by order the following day [Doc. No. 3], the Court enjoined Respondents from removing him from this judicial district pending further order of the Court, and directed them to file within five days either (a) a Notice indicating that the factual and legal issues presented in this

Petition do not differ in any material fashion from those presented in *Hernandez v. Crawford*, No. 1:25-CV-01565-AJT-WBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025); or (b) an Opposition to the Petition discussing the material differences between *Hernandez* and this Petition. Respondents timely conceded that the Petition was not materially distinguishable from *Hernandez* [Doc. No. 5], and accordingly by order dated April 13, 2026 [Doc. No. 6], the Court determined that Petitioner's ongoing detention pursuant to 8 U.S.C. § 1225(b)(2) violates the INA and the Fifth Amendment of the Constitution and ordered that Respondents provide Petitioner with a bond hearing before an IJ pursuant to the procedures outlined in 8 U.S.C. § 1226(a) within seven days. Respondents did so, and on April 21, 2026 timely filed a status report that "[t]he Immigration Court held a bond hearing for petitioner, at which time petitioner was denied bond as a flight risk." [Doc. No. 7]. No further explanation of the Immigration Court's decision was provided in that Notice; however, Respondents later filed, with the Court's leave, an audio recording of Petitioner's bond hearing, which the Court has considered. [Doc. Nos. 12, 14].

The recording of the hearing shows that Petitioner's counsel stated that Petitioner has been present in the United States for five years, that he has no criminal record either in the United States or Guatemala, that he has "good character" and community ties (chiefly to his church in Annandale, Virginia, one of whose congregants agreed to act as bond sponsor); and that any concerns regarding flight risk could be addressed through nominal bond. Counsel also presented evidence in the form of letters of support from Petitioner's church and his bond sponsor, a photograph of Petitioner at that church, and several documents from the bond sponsor including a letter, U.S. Passport, and tax return. ([Doc. No. 8-1] at 8). Respondents opposed bond, stating that there was insufficient information about the sponsor to show Petitioner was not a flight risk and that the fact that Petitioner has never applied for immigration relief weighed in favor of finding

him a flight risk (to which Counsel for Petitioner responded that his removal proceedings began only recently such that he remained eligible to seek a reasonable fear interview ("RFI")). The IJ then found that Petitioner had failed to meet his burden to show he was not a flight risk, expressly basing this conclusion on lack of evidence regarding a fixed address, employment or tax history, claims for immigration relief, or family ties which could entitle him to legal status.

On May 1, 2026, Petitioner filed the Motion stating that the Immigration Judge ("IJ") at his April hearing impermissibly denied bond based on his conclusion that Petitioner is a flight risk. In their response to the Motion, the Respondents contend that the Court lacks jurisdiction to review the Immigration Judge's bond decision under 8 U.S.C. § 1226(e) and 8 U.S.C. § 1252(a)(2)(B)(ii). [Doc. No. 13].

As an initial matter, the Court concludes that it retains jurisdiction to review whether Respondents provided Petitioner with a constitutionally compliant bond hearing. Section 1226(e) provides:

> The Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review. No court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e).

In *Miranda v. Garland*, the Fourth Circuit considered a due process challenge to § 1226(a) bond hearing procedures and held that Section 1226(e) does not deprive the federal courts of jurisdiction to review whether the factors and procedures used in bond determinations are constitutionally compliant. *Miranda*, 34 F.4th 338, 352–54 (4th Cir. 2022) (holding that § 1226(e) does not bar constitutional review of whether § 1226(a) bond hearings violate the due process clause). And this Court, relying on *Miranda*, has previously recognized that a motion, such as this

one, "challenges, not so much the merits of [the Immigration Judge's] bond determination, although that challenge is implicit in its position, but at its core whether in making that bond determination the Immigration Judge considered those factors necessary to make its determination constitutionally compliant." *See Mejia Orozco v. Lyons, et al.*, No. 1:25-cv-01762, Doc. No. 20 (E.D. Va. Dec. 1, 2025) (rejecting government's argument that Sections 1226(e) and 1252(a)(2)(B) strips the Court of jurisdiction to review whether the Immigration Judge's denial of bond to the Petitioner because he is a flight risk based solely on the denial of his application for cancellation of removal proceedings complies with constitutional due process requirements).[1]

In *Miranda,* the Fourth Circuit also considered the types of factors and procedures that would satisfy due process and afford a noncitizen a constitutionally compliant bond hearing. Recognizing that neither the INA nor the Constitution "mandate[s] the factors that must be considered in determining whether to grant bond," the Court of Appeals nevertheless recognized as useful "guidance" the pronouncements by the BIA in *In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006) "in determining whether bond is warranted and under what conditions" to ensure "substantial process." There, the BIA identified the following factors to be considered, but made clear that the overarching requirement is that the bond decision must be "reasonable." *Id.*

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from

[1] In support of their contention that the Court lacks jurisdiction to consider the merits of an IJ's bond determination, Respondents distinguish from *Abreu v. Crawford*, 1:24-cv-1782, Dkt. 31 (E.D. Va. Feb. 14, 2025) in which another judge of this Court found a bond hearing to be deficient because the IJ failed to comply with the Court's instruction to assign the burden of proof to the government. [Opp.] at 4. However, this reference to *Abreau* is itself inapposite because despite Respondent's contention that the Court cannot consider whether the IJ's decision was supported by sufficient evidence, the Court's ruling on the Motion concerns exactly that and does not turn on the burden allocation issue.

authorities; and (9) the alien's manner of entry to the United States.

*Miranda*, 34 F.4th at 362 n.10 (citing *In re Guerra*, 24 I. & N. Dec. at 40).

Underlying all of these considerations is the clear evidentiary connection these considerations have to whether or not the Petitioner is a danger to the community or a flight risk; and in assessing whether a bond hearing is constitutionally compliant, the Court must assess whether the considerations relied upon to determine whether bond is warranted has a similar evidentiary connection to the determining criteria of danger to the community or flight risk and are therefore constitutionally "reasonable." *Id*.

Petitioner's counsel presented evidence at the hearing including a letter of support from Petitioner's church, and a photo of him at that church, and several documents from Petitioner's U.S. Citizen bond sponsor including a letter, U.S. Passport, and tax return. ([Doc. No. 8-1] at 8). In support of his decision to deny bond, the IJ based his decision in part on multiple considerations that are not mentioned in *In Re Guerra* and have no clear evidentiary relationship to Petitioner's being a flight risk, including *inter alia* the fact that he had not sought immigration relief and that he lacked a documented employment and tax history within the United States. Petitioner's lack of employment history is inextricably related to the unlawful status that has caused his detention and request for a bond hearing in the first place. Were a noncitizen's unlawful status, and the unemployment or unauthorized employment that often, if not typically attach to it, a proper basis upon which to deny bond, the discretionary detention under § 1226(a), with its prescribed bond hearing, which allows for a noncitizen to be released if they are not a danger to the community or a flight risk, 8 C.F.R. § 236.1(c)(8), would become a *de facto* mandatory § 1225 detention. Moreover, it is difficult to see how any reasonable inference of flight risk could be drawn from the mere absence of employment history (regardless of whether Petitioner ever obtained work

authorization); if anything, such employment undercuts any finding of flight risk. *See*, *Mendez Trigueros v. Guadian*, 1:26-cv-205-AJT-WPB, Doc. No. 13 (E.D. Va. Feb. 18, 2026). Likewise, a failure to seek immigration relief, in and of itself, has little if any probative value with respect flight risk; and while it was appropriate for the IJ to note the lack of evidence that Petitioner had sought relief, he discounted without any evidentiary support the representations by Petitioner's counsel that "based on conversations with his family, I think he also has a fear of returning to Guatemala," and that "he is still eligible for withholding of removal," and stated incorrectly that Petitioner had not adduced any evidence of eligibility for such relief. The IJ also appears to have discounted Plaintiff's evidence of community ties, notwithstanding Petitioner's two letters of support, his documented involvement in his church community and the documented support of his U.S. citizen bond sponsor. In sum, the Respondents have failed to provide the Petitioner with the constitutionally reasonable bond hearing required as a matter of due process. In terms of remedy, having failed to comply with the Court's order to release the Petitioner or provide him with a constitutionally compliant bond hearing, the remedy mandated is immediate release.

For the above reasons, it is hereby

**ORDERED** that the Motion is **GRANTED**; and that Petitioner be **RELEASED** from custody immediately with all of his personal belongings; and it is further

**ORDERED** that Petitioner must live at a fixed address he must provide to Respondents upon release; and if it is further

**ORDERED** that Respondents, together with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them, be and are **ENJOINED** from rearresting or detaining Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court

hearing, or pursuant to 8 U.S.C. § 1231(a)(2).

The Clerk is directed to send copies of this Order to all counsel of record.

Anthony J. Trenga
Senior U.S. District Judge

Alexandria, Virginia
May 21, 2026